ADRIENNE C. PUBLICOVER (SBN 161432)
CHARAN M. HIGBEE (SBN 148293)
WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP
525 Market Street, 17th Floor
San Francisco, California 94105
Tel: (415) 433-0990 / Fax: (415) 434-1370

Attorneys for Defendants
**LIFE INSURANCE COMPANY OF NORTH AMERICA
And GRANITE BROADCASTING CORPORATION
LONG TERM DISABILITY PLAN**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIZABETH MAIDA,<br><br>        Plaintiff,<br><br>  v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA; GRANITE BROADCASTING CORP LTD PLAN;<br><br>        Defendants. | Case No.:   CV08-02309 SC<br><br>**DEFENDANTS LIFE INSURANCE COMPANY OF NORTH AMERICA AND GRANITE BROADCASTING CORPORATION LONG TERM DISABILITY PLAN'S ANSWER TO COMPLAINT FOR BENEFITS UNDER A GROUP DISABILITY EMPLOYEE BENEFIT PLAN** |

Defendants Life Insurance Company of North America ("LINA") and Granite Broadcasting Corporation Long Term Disability Plan ("the Plan") answer the Complaint filed by plaintiff Elizabeth Maida in this action (hereinafter "the Complaint") as follows:

1.    Answering paragraph 1 of the Complaint, defendants LINA and the Plan admit that this Court has jurisdiction over plaintiff's claims set forth in the Complaint pursuant to the provisions of ERISA and pursuant to this Court's federal question jurisdiction. Defendants admit that the Plan is governed by the provisions of ERISA. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 1 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 1 of the Complaint.

2.      Answering paragraph 2 of the Complaint, defendants LINA and the Plan admit, on information and belief, that venue is proper in this judicial district. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 2 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 2 of the Complaint.

3.      Answering paragraph 3 of the Complaint, defendants LINA and the Plan admit that 29 U.S.C. Section 1133 and the Regulations of the Secretary of Labor speak for themselves. Defendants admit that plaintiff exhausted all administrative levels of appeal under the Plan. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 3 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 3 of the Complaint.

4.      Answering paragraph 4 of the Complaint, defendants LINA and the Plan admit that the Plan is an employee welfare benefit plan established and maintained by Granite Broadcasting Corporation to provide its eligible employees with long term disability income insurance coverage. Defendants admit that Granite Broadcasting Corporation does business in the State of California and that plaintiff was an employee of Granite Broadcasting Corporation prior to November 6, 2001. Defendants admit that the Plan Administrator is Granite Broadcasting Corporation. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 4 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 4 of the Complaint.

5.      Answering paragraph 5 of the Complaint, defendants LINA and the Plan admit that LINA is, and at all relevant times was, a corporation duly organized and existing under and by virtue of the laws of the State of Pennsylvania, and authorized to transact and transacting the business of insurance in the State of California. Defendants admit that LINA administers claims for long term disability benefits under LINA's Group Long Term Disability Income Policy No. FLK-8059 issued to Granite Broadcasting Corporation and/or the Plan. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in

paragraph 5 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 5 of the Complaint.

6. Answering paragraph 6 of the Complaint, defendants LINA and the Plan admit, on information and belief, that, at all relevant times, plaintiff was a resident and citizen of the State of California. Defendants admit that plaintiff was an employee of Granite Broadcasting Corporation, its affiliates and/or subsidiaries prior to November 6, 2001 and that she was an eligible employee under the Policy and/or the Plan and was covered by the Policy on or about November 6, 2001. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 6 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 6 of the Complaint.

7. Answering paragraph 7 of the Complaint, defendants LINA and the Plan admit that LINA issued the Policy to Granite Broadcasting Corporation to provide long term disability income insurance coverage to eligible participants and beneficiaries of the Plan. Defendants admit that plaintiff was a covered employee under the Policy and/or the Plan and that the terms and provisions of the Policy speak for themselves. Defendants admit that correspondence to plaintiff, during the administration of her claim under the Policy, had "CIGNA" or "CIGNA Group Insurance" on the letterhead, and defendants admit that this correspondence to plaintiff speaks for itself, including the information on the correspondence which relates to "CIGNA" and "CIGNA Group Insurance." Defendants admit that LINA provides insurance to the Plan through the Policy and that LINA decides whether claimants will receive benefits under the Policy. Defendants admit that *Saffon v. Wells Fargo & Co. Long Term Disability Plan*, 2008 WL 80704 (9th Cir. Jan. 9, 2008) speaks for itself. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 7 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 7 of the Complaint.

8. Answering paragraph 8 of the Complaint, defendants LINA and the Plan admit that the terms and provisions of the Policy and the Plan, including those related to benefits, speak for themselves. Except as expressly admitted or denied, defendants state that they lack sufficient

knowledge or information about the matters alleged in paragraph 8 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 8 of the Complaint.

9. Answering paragraph 9 of the Complaint, defendants LINA and the Plan admit that, prior to November 6, 2001, plaintiff was an Account Executive for an affiliate or subsidiary of Granite Broadcasting Corporation and that this affiliate or subsidiary was a Bay Area television station. Defendants admit that plaintiff's duties as an Account Executive are set forth on a document entitled "Paxson Communications Corporation Job Description", which is part of the administrative record maintained by LINA relating to plaintiff's claim under the Policy, and admit that this document speaks for itself. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 9 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 9 of the Complaint.

10. Answering paragraph 10 of the Complaint, defendants LINA and the Plan admit that, due to various medical conditions and/or procedures, plaintiff filed a claim for disability benefits under the Policy and/or the Plan in or about May of 2002. Defendants LINA and the Plan admit that plaintiff's medical records, which are contained within the administrative record maintained by LINA relating to plaintiff's claim under the Policy, speak for themselves. Defendants admit that plaintiff received long term disability benefits under the Policy and/or the Plan from on or about May 6, 2002 to on or about November 5, 2006. Defendants admit that LINA determined that plaintiff was not eligible for long term disability benefits beyond November 5, 2006. Defendants deny that plaintiff was and/or is disabled under the terms of the Policy after November 5, 2006. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 10 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 10 of the Complaint.

11. Answering paragraph 11 of the Complaint, defendants LINA and the Plan admit that plaintiff's medical records include a record dated May 6, 1999 written by Andrew Turk, MD of Stanford University Medical Center. Defendants admit that this May 6, 1999 medical record is

contained within the administrative record maintained by LINA relating to plaintiff's claim under the Policy and that this record speaks for itself. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 11 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 11 of the Complaint.

12. Answering paragraph 12 of the Complaint, defendants LINA and the Plan admit that plaintiff's medical records speak for themselves. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 12 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 12 of the Complaint.

13. Answering paragraph 13 of the Complaint, defendants LINA and the Plan admit that the administrative record maintained by LINA, relating to plaintiff's claim under the Policy, contains a letter dated October 23, 2001 from Bruce L. Allen, M.D. and admit that this letter speaks for itself. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 13 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 13 of the Complaint.

14. Answering paragraph 14 of the Complaint, defendants LINA and the Plan admit that plaintiff submitted a claim for long term disability benefits under the Policy and/or the Plan in or about May of 2002. Defendants admit that plaintiff's claim for long term disability benefits was based on persistent abdominal pain and abdominal hernias. Defendants admit that the last day plaintiff worked for Granite Broadcasting Corporation was on or about November 6, 2001. Defendants admit that LINA determined that plaintiff was entitled to long term disability benefits under the Plan between on or about May 6, 2002 and on or about November 5, 2006. Defendants admit that the administrative record, maintained by LINA relating to plaintiff's claim under the Policy, contains a record of a telephone call with plaintiff which occurred on October 15, 2002 and admit that this record speaks for itself. Defendants deny that plaintiff was and/or is disabled under the terms of the Policy and/or the Plan after or on or about November 5, 2006. Except as expressly

admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 14 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 14 of the Complaint.

15. Answering paragraph 15 of the Complaint, defendants LINA and the Plan admit that LINA sent a letter to plaintiff, dated July 2, 2002, which advised plaintiff that her claim for long term disability benefits had been approved. Defendants admit that this July 2, 2002 letter speaks for itself. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 15 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 15 of the Complaint.

16. Answering paragraph 16 of the Complaint, defendants LINA and the Plan admit that a Social Security Administration decision, dated December 24, 2003 and executed by an Administrative Law Judge, found that plaintiff was disabled within the meaning of the Social Security Act and Regulations and found that plaintiff had been disabled since November 7, 2001. Defendants admit, on information and belief, that a hearing regarding plaintiff's application for Social Security benefits took place on December 22, 2003. Defendants admit that Advantage 2000 Consultants, Inc. assisted plaintiff with her Social Security Disability Insurance application which included providing documentation to the Social Security Administration. Defendants admit that the Social Security Administration decision speaks for itself. Defendants admit that 42 U.S.C. Sections 423 and 1382 speak for themselves. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 16 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 16 of the Complaint.

17. Answering paragraph 17 of the Complaint, defendants LINA and the Plan admit that plaintiff received long term disability benefits for 24 months pursuant to the "regular occupation" provision of the Policy and subsequently received long term disability benefits pursuant to the "any occupation" provision of the Policy until on or about November 5, 2006. Defendants admit that LINA sent plaintiff a letter dated April 7, 2004 which approved the continuance of her long term

disability benefits under the Policy and admit that this letter speaks for itself. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 17 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 17 of the Complaint.

      18.    Answering paragraph 18 of the Complaint, defendants LINA and the Plan admit that Dr. Hilliard executed a supplemental claim form on or about April 6, 2006 relating to plaintiff. Defendants admit that this form, dated April 6, 2006, is part of the administrative record maintained by LINA relating to plaintiff's claim under the Policy and admit that this form speaks for itself. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 18 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 18 of the Complaint.

      19.    Answering paragraph 19 of the Complaint, defendants LINA and the Plan admit, on information and belief, that Tue Dinh, M.D. examined plaintiff on or about September 6, 2006. Defendants admit that the administrative record, maintained by LINA relating to plaintiff's claim under the Policy, contains an Initial Clinic Evaluation written by Dr. Dinh, dated September 6, 2006, relating to the examination of plaintiff. Defendants admit that this evaluation speaks for itself. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 19 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 19 of the Complaint.

      20.    Answering paragraph 20 of the Complaint, defendants LINA and the Plan admit that Dr. Harriet Hilliard wrote to LINA on or about December 1, 2006 regarding plaintiff and admit that this document, containing Dr. Hilliard's handwritten notations, is contained within the administrative record maintained by LINA relating to plaintiff's claim under the Policy. Defendants admit that this document from Dr. Hilliard speaks for itself. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 20 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 20 of the Complaint.

7

DEFENDANTS LIFE INSURANCE COMPANY OF NORTH AMERICA AND GRANITE BROADCASTING
CORPORATION LONG TERM DISABILITY PLAN'S ANSWER TO COMPLAINT FOR BENEFITS UNDER
A GROUP DISABILITY EMPLOYEE BENEFIT PLAN
USDC NDCA Case #CV08-02309 SC
356975.1

21. Answering paragraph 21 of the Complaint, defendants LINA and the Plan admit that, according to medical records from Tomball Regional Hospital, plaintiff was admitted to the hospital on or about December 5, 2006. Defendants admit that the administrative record, maintained by LINA relating to plaintiff's claim under the Policy, contains medical records from Tomball Regional Hospital and admit that these medical records speak for themselves. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 21 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 21 of the Complaint.

22. Answering paragraph 22 of the Complaint, defendants LINA and the Plan admit that medical records from Tomball Regional Hospital indicate that plaintiff underwent an esophagogastroduodenoscopy and a colonoscopy on or about December 7, 2006. Defendants admit that the administrative record, maintained by LINA relating to plaintiff's claim under the Policy, contains medical records from Tomball Regional Hospital and admit that these medical records speak for themselves. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 22 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 22 of the Complaint.

23. Answering paragraph 23 of the Complaint, defendants LINA and the Plan admit that LINA paid plaintiff disability benefits under the Policy from on or about May 6, 2002 to on or about November 5, 2006. Defendants admit that LINA did not request an independent medical examination of plaintiff. Defendants admit that LINA sent plaintiff a letter on or about December 20, 2006 regarding her claim for long term disability benefits and admit that this letter speaks for itself. Defendants deny that LINA acted unreasonably, arbitrarily and/or capriciously. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 23 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 23 of the Complaint.

24. Answering paragraph 24 of the Complaint, defendants LINA and the Plan admit that, in administering plaintiff's claim for disability benefits under the Policy and/or the Plan, LINA relied on the opinions of medical professionals who had not examined plaintiff and who were the agents and/or employees of LINA. LINA admits that the opinions of these medical professionals are contained within the administrative record maintained by LINA relating to plaintiff's claim under the Policy. Defendants deny that these medical professionals were biased and deny that these medical professionals lacked the appropriate training to review plaintiff's medical records and/or claim. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 24 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 24 of the Complaint.

25. Answering paragraph 25 of the Complaint, defendants LINA and the Plan admit that the administrative record, maintained by LINA relating to plaintiff's claim under the Policy, contains a report from Dr. Stephen M. Thomas which is dated January 5, 2007 and which relates to plaintiff. Defendants admit that Dr. Thomas' report speaks for itself. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 25 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 25 of the Complaint.

26. Answering paragraph 26 of the Complaint, defendants LINA and the Plan admit that plaintiff wrote LINA an undated letter which referred to Dr. Stephen Thomas. Defendants admit that this letter from plaintiff to LINA is part of the administrative record maintained by LINA regarding plaintiff's claim under the Policy and admit that this letter speaks for itself. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 26 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 26 of the Complaint.

27. Answering paragraph 27 of the Complaint, defendants LINA and the Plan admit that plaintiff underwent a functional capacity evaluation on or about April 25, 2007. Defendants admit that the written report regarding plaintiff's functional capacity evaluation is part of the administrative

record, maintained by LINA relating to plaintiff's claim under the Policy, and admit that this report speaks for itself. Defendants deny that the functional capacity evaluation substantiated plaintiff's disability, under the terms of the Policy and/or the Plan, after November 5, 2006. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 27 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 27 of the Complaint.

28.     Answering paragraph 28 of the Complaint, defendants LINA and the Plan admit that LINA relied on all the information contained within the administrative record, maintained by LINA relating to plaintiff's claim under the Policy, in upholding the decision to deny plaintiff's claim for long term disability benefits after on or about November 5, 2006. Defendants admit that plaintiff was informed, by letters dated March 7, 2007 and July 19, 2007, of LINA's decision to uphold the denial of her claim for long term disability benefits. Defendants admit that LINA relied on the opinions of medical professionals who were LINA's agents and/or employees and that these medical professionals had not examined plaintiff. Defendants deny that these medical professionals who were LINA's agents and/or employees were biased. Defendants deny that plaintiff was and/or is entitled to long term disability benefits under the Policy after on or about November 5, 2006. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 28 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 28 of the Complaint.

29.     Answering paragraph 29 of the Complaint, defendants LINA and the Plan admit that LINA sent plaintiff a letter, dated July 19, 2007, and admit that this letter speaks for itself. Defendants deny that LINA ever unreasonably, arbitrarily and/or capriciously misinterpreted terms of the Plan and/or the Policy. Defendants admit that the terms, definitions and provisions of the Plan and/or the Policy speak for themselves. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 29 for an answer to be made and, upon that ground, deny each and every remaining allegation set forth in paragraph 29 of the Complaint.

30. Answering paragraph 30 of the Complaint, defendants LINA and the Plan admit that LINA has not paid plaintiff any disability benefits beyond November 5, 2006. Defendants admit that a plan administrator may not arbitrarily disregard a favorable ruling by the Social Security Administration. Defendants admit that LINA did not require plaintiff to undergo an independent medical examination. Except as expressly admitted or denied, defendants deny each and every remaining allegation set forth in paragraph 30 of the Complaint.

31. Answering paragraph 31 of the Complaint, defendants LINA and the Plan admit that *Abatie v. Alta Health & Life Insurance Co.,* 458 F.3d 955 (9th Cir. 2006) speaks for itself. Except as expressly admitted or denied, defendants deny each and every remaining allegation set forth in paragraph 31 of the Complaint.

32. Answering paragraph 32 of the Complaint, defendants LINA and the Plan admit that plaintiff has not received long term disability benefits under the Policy and/or the Plan after November 5, 2006. Except as expressly admitted or denied, defendants deny each and every remaining allegation set forth in paragraph 32 of the Complaint.

33. Answering paragraph 33 of the Complaint, defendants LINA and the Plan admit, on information and belief, that plaintiff has retained an attorney to represent her in this action. Defendants deny that plaintiff is entitled to an award of attorney fees in this action. Except as expressly admitted or denied, defendants deny each and every remaining allegation set forth in paragraph 33 of the Complaint.

34. Answering paragraph 34 of the Complaint, defendants LINA and the Plan admit that a controversy now exists between the parties as to whether plaintiff is disabled as defined by the Policy and/or the Plan. Defendants deny that plaintiff meets the definition of disability under the terms of the Policy and/or the Plan and deny that plaintiff is entitled to further benefits under the Policy and/or the Plan. Defendants admit, on information and belief, that plaintiff seeks the relief set forth in the Complaint. Except as expressly admitted or denied, defendants state that they lack sufficient knowledge or information about the matters alleged in paragraph 34 for an answer to be made and,

upon that ground, deny each and every remaining allegation set forth in paragraph 34 of the Complaint.

35. Answering the prayer for relief alleged in the Complaint (hereinafter "prayer for relief"), defendants LINA and the Plan deny that plaintiff is entitled to the relief requested therein. Defendants specifically respond to the prayer for relief as follows:

1. Answering paragraph 1 of the prayer for relief, defendants deny that plaintiff is entitled to the relief requested therein.

2. Answering paragraph 2 of the prayer for relief, defendants deny that plaintiff is entitled to the relief requested therein.

3. Answering paragraph 3 of the prayer for relief, defendants deny that plaintiff is entitled to the relief requested therein.

4. Answering paragraph 4 of the prayer for relief, defendants deny that plaintiff is entitled to the relief requested therein.

5. Answering paragraph 5 of the prayer for relief, defendants deny that plaintiff is entitled to the relief requested therein.

## **AFFIRMATIVE DEFENSES**

36. As a first affirmative defense, defendants LINA and the Plan allege that neither the Complaint, nor any claim for relief therein, state facts sufficient to state a claim against defendants or either of them.

37. As a second affirmative defense, defendants LINA and the Plan allege that plaintiff has failed to satisfy all conditions precedent, subsequent, and/or concurrent to the receipt of disability benefits under the subject group policy issued by LINA, Policy No. FLK-8059, and/or the Plan.

38. As a third affirmative defense, defendants LINA and the Plan allege that plaintiff was not and/or is not eligible for disability benefits under the Plan and/or the subject group policy issued by LINA, Policy No. FLK-8059, because she has failed to demonstrate that she meets the requisite definition of disability.

39. As a fourth affirmative defense, defendants LINA and the Plan allege that plaintiff has failed to comply with the terms of the subject group policy issued by LINA, Policy No. FLK-8059, and/or the Plan, and that, accordingly, plaintiff's claim for disability benefits is barred.

40. As a fifth affirmative defense, defendants LINA and the Plan allege that the Plan confers discretionary authority on LINA to interpret the terms of the subject group policy (Policy No. FLK-8059), to make factual findings, and to determine eligibility for disability benefits. Accordingly, the arbitrary and capricious standard of review applies to the claim decision that is the subject of this action.

41. As a sixth affirmative defense, defendants LINA and the Plan allege that the subject claim decision was not made in an arbitrary and/or capricious manner.

42. As a seventh affirmative defense, defendants LINA and the Plan allege that the claim decision (denying plaintiff disability benefits under the Plan and/or under LINA Policy No. No. FLK-8059) was correct, proper and reasonable.

43. As an eighth affirmative defense, defendants LINA and the Plan allege that plaintiff is not entitled to disability benefits (after on or about November 5, 2006) under the terms of either the Plan and/or the subject group policy issued by LINA (Policy No. FLK-8059).

44. As a ninth affirmative defense, defendants LINA and the Plan allege that, if the Court should determine that plaintiff was and/or is disabled pursuant to the terms of the subject group policy (LINA Policy No. FLK-8059) on or after November 5, 2006, which defendants dispute and deny, LINA is entitled to offsets for other income received by plaintiff, including but not limited to Social Security disability, state paid disability, worker's compensation, and other group disability benefits.

45. As a tenth affirmative defense, defendants LINA and the Plan allege that, by plaintiff's conduct or that of her agents, plaintiff has waived, or is estopped to assert, every claim for relief against defendants set forth in the Complaint.

46. As an eleventh affirmative defense, defendants LINA and the Plan allege that the relief that plaintiff seeks in this action is limited and governed by the provisions of ERISA.

47. Defendants LINA and the Plan reserve the right to assert additional defenses based on information gathered in the course of additional investigation and discovery.

WHEREFORE, defendants LINA and the Plan pray for judgment as follows:

1. That plaintiff take nothing by reason of her Complaint on file herein and that judgment be awarded in favor of defendants Life Insurance Company of North America and Granite Broadcasting Corporation Long Term Disability Plan;

2. That any declaration of rights and obligations made by this Court state and declare that plaintiff is not entitled to any disability benefits from defendant Life Insurance Company of North America and/or defendant Granite Broadcasting Corporation Long Term Disability Plan, under the subject group policy of insurance or the Plan;

3. That defendants Life Insurance Company of North America and Granite Broadcasting Corporation Long Term Disability Plan be awarded their attorney's fees, costs, and expenses incurred in this action; and

4. That defendants Life Insurance Company of North America and Granite Broadcasting Corporation Long Term Disability Plan recover such other and further relief as the Court may deem just and proper.

Date: June 16, 2008

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: /s/ Charan M. Higbee
Adrienne C. Publicover
Charan M. Higbee
Attorneys for Defendants
LIFE INSURANCE COMPANY OF NORTH AMERICA and GRANITE BROADCASTING CORPORATION LONG TERM DISABILITY PLAN

**CERTIFICATE OF SERVICE**
*Elizabeth Maida v. Life Insurance Company of North America, et al.*
USDC NDCA Case #CV08-02309 SC

I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address are 525 Market Street, 17th Floor, and San Francisco, California 94105-2725.

On this date I served the following document(s):

**DEFENDANTS LIFE INSURANCE COMPANY OF NORTH AMERICA AND GRANITE BROADCASTING CORPORATION LONG TERM DISABILITY PLAN'S ANSWER TO COMPLAINT FOR BENEFITS UNDER A GROUP DISABILITY EMPLOYEE BENEFIT PLAN**

on the part(y)(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

→     : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

_____ : **By Personal Service** -- I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

_____ : **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the addressee on the next business day.

_____ : **Facsimile** -- (Only where permitted. Must consult CCP §1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.CA.)

Frank N. Darras, Esq.
Lissa A. Martinez, Esq.
SHERNOFF BIDART DARRAS ECHEVERRIA, LLP
3257 East Guasti Road, Suite 300
Ontario, CA 91761
Tel:    (909) 390-3770
Fax:    (909) 974-2121

*Attorneys for Plaintiff*
*ELIZABETH MAIDA*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on **June 16, 2008**, at San Francisco, California.

_____
Nancy Li