1  ADRIENNE C. PUBLICOVER (SBN 161432)
   CHARAN M. HIGBEE (SBN 148293)
2  WILSON, ELSER, MOSKOWITZ,
      EDELMAN & DICKER LLP
3  525 Market Street, 17th Floor
   San Francisco, California 94105
4  Tel: (415) 433-0990 / Fax: (415) 434-1370

5  **Attorneys for Defendants**
   **LIFE INSURANCE COMPANY OF NORTH AMERICA**
6  **And GRANITE BROADCASTING CORPORATION**
   **LONG TERM DISABILITY PLAN**
7

8  FRANK N. DARRAS  (SBN 128904)
   LISSA A. MARTINEZ  (SBN 206994)
9  SHERNOFF BIDART DARRAS
      ECHEVERRIA, LLP
10 3257 East Guasti Road, Suite 300
   Ontario, CA  91761
11 Tel: (909) 390-3770 / Fax: (909) 974-2121

12 **Attorneys for Plaintiff**
   **ELIZABETH MAIDA**
13

14                  UNITED STATES DISTRICT COURT

15                 NORTHERN DISTRICT OF CALIFORNIA

16

17  ELIZABETH MAIDA,            ) Case No.:   CV08-02309 SC
                                )
18          Plaintiff,           ) **JOINT CASE MANAGEMENT**
                                ) **STATEMENT**
19     v.                       )
                                )
20  LIFE INSURANCE COMPANY OF   )
    NORTH AMERICA; GRANITE      ) Date       :  August 15, 2008
21  BROADCASTING CORP LTD PLAN; ) Time       :  10:00 a.m.
                                ) Courtroom  :  1
22          Defendants.          ) Before     :  Senior Judge Samuel Conti
                                )

23

24     Plaintiff Elizabeth Maida and defendants Life Insurance Company of North America and

25 Granite Broadcasting Corporation Long Term Disability Plan submit the following Joint Case

26 Management Statement in this action:

27

28
---
                                    1
                   **JOINT CASE MANAGEMENT STATEMENT**
USDC NDCA Case #CV08-02309 SC
368629.1

1. **Jurisdiction and Service**

This Court has subject matter jurisdiction over plaintiff's claims. Jurisdiction is based on 29 U.S.C. Section 1132(e) because plaintiff seeks benefits under an employee welfare benefit plan governed by the provisions of ERISA. All the parties are subject to the Court's jurisdiction. No parties remain to be served.

2. **Facts**

Plaintiff Elizabeth Maida seeks disability benefits under an employee welfare benefit plan governed by the provisions of ERISA. Plaintiff is 56 years old, and was employed by a division of Granite Broadcasting Corporation as an account executive when she went out on disability on or about November 6, 2001. Plaintiff has been diagnosed with recurrent ventral hernias and reports chronic abdominal wall pain relating to these hernias.

Based on her employment at Granite Broadcasting Corporation, plaintiff was a participant in defendant Granite Broadcasting Corporation Long Term Disability Plan which provided disability insurance coverage to eligible employees of Granite Broadcasting Corporation, including plaintiff. This disability insurance was provided pursuant to a group long term disability income policy issued by defendant Life Insurance Company of North America (hereinafter "LINA"). Plaintiff submitted a claim for long term disability benefits in or about May of 2002. LINA initially approved plaintiff's claim for long term disability benefits, and paid long term disability benefits to plaintiff between May 6, 2002 and November 5, 2006. LINA determined that plaintiff was not entitled to long term disability benefits after November 5, 2006.

The principal factual issue in dispute is whether plaintiff is entitled to the long term disability benefits which she seeks under the defendant Plan and/or the subject group policy issued by LINA, and specifically whether she is entitled to disability benefits from on or about November 6, 2006 through the present.

### 3. Legal Issues

The following legal issues will be presented:

a. Whether the appropriate standard of review of the claim decision is de novo or abuse of discretion.

b. Whether the claim decision (to deny plaintiff's claim for disability benefits after November 5, 2006) was proper under the applicable standard of review.

### 4. Motions

The parties expect to file cross-motions for judgment pursuant to Fed. Rule of Civil Procedure 52 or cross-motions for summary judgment pursuant to Fed. Rule of Civil Procedure 56.

### 5. Amendment of Pleadings

The parties currently do not anticipate any amendments to their pleadings.

### 6. Evidence Preservation

LINA has maintained an administrative record relating to plaintiff's claim for disability benefits under the defendant Plan and/or the subject group insurance policy. This administrative record will be produced to plaintiff as part of defendants' Initial Disclosure. There are no ongoing activities related to plaintiff's claim, nor ongoing communications with plaintiff. Therefore, no steps are necessary to preserve relevant evidence.

### 7. Disclosures

The parties agree to serve their Initial Disclosures on or before August 15, 2008.

### 8. Discovery

No discovery has been served to date.

Plaintiff believes discovery is appropriate consistent with the Ninth Circuit's decision in

*Abatie v Alta Health & Life Ins. Co.* In this decision, the Ninth Circuit reaffirmed the admissibility of documents outside the administrative record in an abuse of discretion case on the issue of conflict of interest. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006) (en banc). In *Abatie,* the Ninth Circuit fundamentally overhauled the guidelines for review where the administrator has discretion, but operates under a conflict of interest, and applied an "abuse of discretion review, tempered by skepticism commensurate with the plan administrator's conflict of interest." *Id.* at 959. The appropriateness of discovery in an ERISA action to determine if there was a conflict of interest was recently upheld in the United States Supreme Court's decision in *Met Life v Glenn 128 S. Ct. 2343 (2008.* In *MetLife v. Glenn*, the US Supreme Court held that a reviewing court should consider the conflict of interest arising from the dual role of an entity as an ERISA plan administrator and payor of plan benefits as a factor in determining whether the plan administrator abused its discretion in denying benefits, with the significance of the conflict factor depending upon the circumstances of the particular case. As such, *Glenn* appears to support the *Abatie* approach to ERISA discovery regarding a conflicted administrator.

Defendants contend that discovery is improper in this action which is based on the provisions of ERISA. The admissible evidence should be limited to the administrative record maintained by LINA, the subject group insurance policy, and the plan documents.

### 9. Class Actions

Not applicable.

### 10. Related Cases

The parties are not aware of any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

**11. Relief**

Plaintiff's Complaint seeks an order that defendants pay plaintiff the disability benefits due plus interest, an order that plaintiff is entitled to future disability payments as long as she remains disabled as defined in the subject plan, an order awarding plaintiff statutory penalties under ERISA for the alleged failure to provide requested information, and that plaintiff is entitled to an award for her attorney fees and costs.

Defendants also seek an attorney fee award in this action.

**12. Settlement and ADR**

No settlement discussions have taken place to date. The parties have agreed to private mediation which is scheduled for September 29, 2008.

**13. Consent to Magistrate Judge For All Purposes**

Plaintiff does not consent to the assignment to a magistrate judge for all purposes.

Defendants do not consent to the assignment to a magistrate judge for all purposes.

**14. Other References**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. Narrowing of Issues**

The parties may agree and stipulate as to the standard of review to be utilized by the Court.

The parties currently do not anticipate any request to bifurcate issues, claims or defenses.

**16.   Expedited Schedule**

It is likely that this is the type of case that can be handled with streamlined procedures, such as cross-motions for summary judgment. The parties recommend that the ADR process be completed before the date for filing dispositive motions.

**17.   Scheduling**

The parties propose the following dates for the dispositive motions:

- Cross-Motions for Judgment to be filed on:   November 7, 2008
- Oppositions to be filed on:   Per Local Rules
- Reply Briefs to be filed on:   Per Local Rules
- Hearing Date:   December 12, 2008

**18.   Trial**

The parties agree that this case is subject to a court trial, and that there is no right to a jury trial for ERISA claims.

In the event that this matter is not resolved by the dispositive motions, the parties estimate that a bench trial will last 1 to 4 hours.

**19.   Disclosure of Non-Party Entities or Persons**

Defendants filed the following Certification of Interested Entities or Persons on June 16, 2008:

"Connecticut General Corporation, a Connecticut corporation, is the parent company of defendant Life Insurance Company of North America. Connecticut General Corporation is a wholly-owned subsidiary of CIGNA Holdings, Inc. CIGNA Holdings, Inc. is a wholly-owned subsidiary of CIGNA Corporation."

**20.   Other Matters**

The parties currently are unaware of other matters that may facilitate the just, speedy and inexpensive disposition of this matter.

Date: August 8, 2008          SHERNOFF BIDART DARRAS ECHEVERRIA, LLP

By: _/s/ Frank N. Darras_
Frank N. Darras
Lissa A. Martinez
Attorneys for Plaintiff
ELIZABETH MAIDA

Date: August 8, 2008          WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _/s/ Charan M. Higbee_
Adrienne C. Publicover
Charan M. Higbee
Attorneys for Defendants
LIFE INSURANCE COMPANY OF NORTH AMERICA and GRANITE BROADCASTING CORPORATION LONG TERM DISABILITY PLAN

**CERTIFICATE OF SERVICE**
*Elizabeth Maida v. Life Insurance Company of North America, et al.*
*USDC NDCA Case #CV08-02309 SC*

I am over the age of eighteen years and am not a party to the within cause. I am employed in the City and County of San Francisco, California and my business address are 525 Market Street, 17th Floor, and San Francisco, California 94105-2725.

On this date I served the following document(s):

**JOINT CASE MANAGEMENT STATEMENT**

on the part(y)(ies) identified below, through their attorneys of record, by placing true copies thereof in sealed envelopes addressed as shown below by the following means of service:

→ _____ : **By First Class Mail** -- I caused each such envelope, with first class postage thereon fully prepaid, to be deposited in a recognized place of deposit of the U.S. Mail in San Francisco, California, for collection to the office of the addressee following ordinary business practices.

_____ : **By Personal Service** - - I caused each such envelope to be given to a courier messenger who personally delivered each such envelope to the office of the address.

_____ : **By Overnight Courier** -- I caused each such envelope to be given to an overnight mail service at San Francisco, California, to be hand delivered to the addressee on the next business day.

_____ : **Facsimile** -- (Only where permitted. Must consult CCP §1012.5 and California Rules of Court 2001-2011. Also consult FRCP Rule 5(e). Not currently authorized in N.D.CA.)

Frank N. Darras, Esq.
Lissa A. Martinez, Esq.
SHERNOFF BIDART DARRAS ECHEVERRIA, LLP
3257 East Guasti Road, Suite 300
Ontario, CA  91761
Tel:   (909) 390-3770
Fax:   (909) 974-2121

*Attorneys for Plaintiff*
*ELIZABETH MAIDA*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

EXECUTED on **August 8, 2008**, at San Francisco, California.

_____
Nancy Li